IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARDIS A. MAUNE,<br><br>                Plaintiff,<br><br>vs.<br><br>BANKERS LIFE & CASUALTY INSURANCE CO., ET. AL.<br><br>                Defendants. | Case No.<br>4:10-CV-00074-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court is Defendant American Family Insurance Company's Motions to Dismiss, Quash, and for Summary Judgment (Docket No. 48). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the pleadings and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

A.    Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

Plaintiff Ardis A. Maune filed a Complaint against numerous defendants, including American Family Insurance Company, alleging three causes of action: (1) sexual harassment and discrimination on the basis of gender, age, and disability; (2) retaliation; and (3) defamation. *See* Compl. (Docket No. 1).  Maune lists American Family in the caption of the Complaint, but does not identify, name, refer to, or address American Family in the body of the complaint.  Maune has

therefore failed to state in the Complaint a plausible claim for relief against American Family, and the Court will accordingly grant American Family's motion to dismiss. The Court will, however, grant Maune leave to amend because it is not "clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

B.   Motions to Quash and for Summary Judgment

Because dismissal of American Family under Rule 12(b)(6) is proper, American Family's Motions to Quash and for Summary Judgment are moot. The Court notes, however, that Maune is required to comply with the Federal Rules of Civil Procedure in serving process or seeking waiver of service.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motions to Dismiss, to Quash, and for Summary Judgment (Docket No. 48) are GRANTED in part and DENIED in part. The Motion to Dismiss American Family Insurance Company from this action is hereby GRANTED without prejudice. Plaintiff will be given until April 19, 2010, to file an amended complaint so as to state a claim against American Family Insurance Company on which relief may be granted.

Failure to file such an amendment within that time frame will result in American Family Insurance Company being dismissed from this action with prejudice.

    IT IS FURTHER ORDERED that the Motions to Quash and for Summary Judgment are DENIED as moot.



DATED:  **April 7, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge