IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARDIS A. MAUNE,<br><br>        Plaintiff,<br><br>    v.<br><br>BANKERS LIFE & CASUALTY INSURANCE CO., ET AL.,<br><br>        Defendants. | Case No.  CV 10-074-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are (1) Defendants' motions to dismiss, quash, and for summary judgment (Docket Nos. 65, 71, 93, 95, 126 & 142); (2) Maune's motions for summary judgment, motions for stalking, motions to amend, and motion regarding attorney conduct (Docket Nos. 85, 88, 107, 113, 131, 134, 149, 150, 159, 161 & 177); and (3) Bankers Life and Casualty Co., Conseco Insurance Company, and the Individual Defendant' motion for sanctions (Docket No. 165); and (4) other miscellaneous motions.  (Docket Nos. 111, 114, 136, 178 & 179). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the pleadings and the record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the

**Memorandum Decision & Order - 1**

decisional process would not be significantly aided by oral argument, and now issues the following decision.

Plaintiff Ardis A. Maune filed a Complaint against numerous defendants,[1] alleging three causes of action: (1) sexual harassment and discrimination on the basis of gender, age, and disability; (2) retaliation; and (3) defamation. *See* Compl. (Docket No. 1). On April 7, 2010, the Court dismissed the claims against Defendant American Family Insurance Company without prejudice but granted Maune leave to amend her Complaint.

For the reasons set forth below, the Court will dismiss the claims against the remaining Defendants as follows: (1) the claims against the Non-Resident Individual Defendants and Van Zile Travel Services are dismissed for lack of personal jurisdiction; (2) the claims against Coventry Health and Life Insurance Company and Conseco Insurance Company are dismissed with prejudice for

---

[1] Defendants include Bankers Life & Casualty Co., Conseco Insurance Company, Van Zile Travel Services, and Coventry Health and Life Insurance Company, as well as the following individual defendants: Kim Drake, Gary Macarty Jr. And Todd Stevenson ("Idaho Defendants") Maureen Birkman, Michael J. Buckley, Phil Buettner, Scott Goldberg, Richard Harmon, Jennifer Kist, Cameo Kuklinski, Gerardo Monroy, Morgan Murphy, Scott Perry, Regina Rey, Sarah Tolle, David Vega, Erik Vining ("Illinois Defendants"); Gary Downing, Curtis Carey, Sandra Coolay-Allen, Albert Hawkes and Kip Stallcop )("Washington Defendants); Joshua Hofbauer ("Iowa Defendant"); Edward J. Bonach, Russell R. Bostick, R. Glenn Hilliard, Donna James, Eric R. Johnson, John R. Kline, R. Keith Long, Susan I. Menzel, Christopher J. Mickele, Charles W. Murphy, Debra Perry, C. James Prieur, Neal Scneider, Steven M. Stecher, Michael T. Tokarz, John G. Turner, Doreen A. Wright and Matthew J. Zimpfer ("Indiana Defendants") (collectively, "Individual Defendants").

**Memorandum Decision & Order - 2**

failure to state a claim; and (3) partial summary judgment is granted on the

discrimination and retaliation claims against the Idaho Defendants.  Maune's

motion for summary judgment is denied.  All claims against Bankers Life and

Casualty Co. and the defamation claim against the Idaho Defendants, Kim Drake,

Gary Macarty Jr. and Todd Stevenson, remain, but service against them is quashed.

Plaintiff Ardis A. Maune must perfect service against these defendants *in*

*compliance with the Federal Rules of Civil Procedure by June 10, 2010.*

The Court will deny Maune's motions for stalking, her motions to amend,

and her motion regarding attorney conduct.

The court will grant in part and deny in part Bankers Life and Casualty Co.,

Conseco Insurance Company, and the Individual Defendants' motion for sanctions.

The Court directs Plaintiff to: 1) fully comply with the Federal Rules of Civil

Procedure and the Local Rules, specifically including Rule 11; 2) refrain from

filing repetitive requests asking for the same relief over and over; and 3) refrain

from filing any request for relief that is not warranted by existing law or is based

upon a frivolous argument for extending, modifying, or reversing existing law, or

is based upon a request that the Court establish new law.  *If Plaintiff does not obey*

*this order, the Court will consider a second motion for sanctions, up to and*

*including the award of monetary sanctions against Plaintiff and dismissal.*

**Memorandum Decision & Order - 3**

The remaining pending motions are denied as moot.

## ANALYSIS

## I.     Motion to Dismiss for Lack of Personal Jurisdiction

The Individual Defendants residing in Illinois, Washington, Indiana, and Iowa,[2] and corporate defendant Van Zile Travel Services, a New York corporation with its principal place of business in Rochester, New York, challenge personal jurisdiction.

## A.     Applicable Legal Standards

In response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), Maune bears the burden of proving that jurisdiction is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 1318 (2009).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, Maune need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  *Ballard v. Savage*, 65 F.3d

---

[2] The Non-Resident Individual Defendants include Maureen Birkman, Michael J. Buckley, Phil Buettner, Scott Goldberg, Richard Harmon, Jennifer Kist, Cameo Kuklinski, Gerardo Monroy, Morgan Murphy, Scott Perry, Regina Rey, Sarah Tolle, David Vega, Erik Vining ("Illinois Defendants"); Gary Downing, Curtis Carey, Sandra Coolay-Allen, Albert Hawkes and Kip Stallcop )("Washington Defendants); Joshua Hofbauer ("Iowa Defendant"); Edward J. Bonach, Russell R. Bostick, R. Glenn Hilliard, Donna James, Eric R. Johnson, John R. Kline, R. Keith Long, Susan I. Menzel, Christopher J. Mickele, Charles W. Murphy, Debra Perry, C. James Prieur, Neal Scneider, Steven M. Stecher, Michael T. Tokarz, John G. Turner, Doreen A. Wright and Matthew J. Zimpfer ("Indiana Defendants").

**Memorandum Decision & Order - 4**

1495, 1498 (9th Cir. 1995).  The Court must take Maune's uncontroverted

allegations in the complaint as true.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108

(9th Cir. 2002).

Where there is no applicable federal statute governing personal jurisdiction,

the law of the state in which the district court sits applies. *Schwarzenegger v. Fred*

*Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Because Idaho's long-arm

statute, codified in Idaho Code § 5-514, allows a broader application of personal

jurisdiction than the Due Process Clause, the Court need look only to the Due

Process Clause to determine personal jurisdiction.  *See, e.g., Smalley v. Kaiser,* 130

Idaho 909, 950 P.2d 1248 (Idaho 1997).

The exercise of personal jurisdiction over a defendant comports with federal

due process only if the defendant "has certain minimum contacts with the relevant

forum such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et*

*L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (internal quotation

marks omitted).  Sufficient minimum contacts gives rise to general jurisdiction or

specific jurisdiction.  *Doe v. Unocal Corp*., 248 F.3d 915, 923 (9th Cir. 2001).

General jurisdiction applies if the defendants' activities in the forum "are

substantial, continuous and systematic."  Specific jurisdiction applies if the

**Memorandum Decision & Order - 5**

defendants' "less substantial contacts with the forum give rise to the cause of action before the court." *Id.*

## B.     Non-Resident Individual Defendants and Van Zile's Motion to Dismiss

General jurisdiction exists when a defendant's contacts with the forum state approximate physical presence. *Schwarzenegger*, 374 F.3d at 801.  Maune does not allege any facts suggesting Van Zile, or the individual defendants residing in Illinois, Washington, Indiana, and Iowa had substantial, continuous, and systematic contacts with Idaho.

But these defendants may still be subject to specific jurisdiction if Maune can satisfy the Ninth Circuit's three prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Yahoo!*, 433 F.3d at 1205-06.  Maune bears the burden of satisfying the first two prongs of the test.  *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  If

**Memorandum Decision & Order - 6**

Maune succeeds in satisfying both of the first two prongs, the burden then shifts to the Defendants to " 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *See id.* (*quoting Schwarzenegger*, 374 F.3d at 802).

Maune cannot satisfy the first two prongs of the test with respect to Van Zile.  Van Zile has come forward with evidence that it has no contacts with Idaho: Van Zile is a New York corporation and it conducts no business in Idaho; it does not maintain offices in Idaho; it has no employees in Idaho; and it has no property in Idaho.  *See Van Zile Affidavit* at ¶¶ 2-4, 6 (Docket No. 72).  And Maune's sole allegation against Van Zile is that Van Zile was her "mandatory travel agency of Bankers Life."  *See Compl.* at ¶ 13 (Docket No. 1).  Maune fails to explain how this allegation demonstrates Van Zile committed an intentional act expressly aimed at Idaho; or, more importantly, how it  relates to her claims for discrimination, retaliation, and defamation.

Maune's generic allegations of a conspiracy between all defendants also does not support personal jurisdiction against Van Zile.  Maune alleges that each defendant "may have been the agent, servant and/or employee of each of the remaining defendants and may have acted pursuant to a common plan...." *See Compl.* at ¶  11 (Docket No. 1).  However, Maune cites no facts that show how Van Zile actively participated in a plan to harm Maune.  "[T]he law is clear that [a

**Memorandum Decision & Order - 7**

federal] court cannot rest a finding of jurisdiction wholly on Plaintiffs' conclusory allegations of a conspiracy." *Swisher v. Collins,* 2008 WL 687305, *18 (D.Idaho March 10,2008) (*quoting McCabe v. Basham*, 450 F.Supp.2d 925-26 (N.D.Iowa 2006).  Therefore, this Court cannot assert jurisdiction over Van Zile.

This same reasoning applies to the Individual Defendants residing in Illinois, Washington, Indiana, and Iowa.  They do not reside in Idaho and do not have sufficient contact in this state to provide the Court with jurisdiction.  Maune does not allege they regularly conduct business here or they own property here.  Nor does Maune describe a specific act directed toward Maune by these Individual Defendants that could warrant the exercise of jurisdiction over them.

As they note in their brief, the closest Maune comes to identifying such an act by any of them is her assertion that Defendants Harmon, Vining, Buttner and Tolle refused to talk, accept, or return any of her calls.  *See Compl*. at ¶  27.  She also alleges Tolle yelled at her and told her she was prohibited from talking to Maune.  *Id.*  But failing to take a phone call or refusing to talk to a resident of this state does not allow the Court to exercise jurisdiction over Harmon, Vining, Brune, Tolle, or any other Individual Defendant not residing in this state.  *C.f. Sher v. Johnson,* 911 F.2d 1357, 1366 (9th Cir. 1990) (finding that the making of phone calls and sending letters to client in California and visiting California three times

did not confer jurisdiction in California).  There is no jurisdiction over the

Individual Defendants residing in Illinois, Washington, Indiana, and Iowa.

Accordingly, the claims against those Defendants will be dismissed.

## II.    Motion to Dismiss under Rule 12(b)(6)

Coventry Health and Life Insurance Company and Conseco Insurance

Company have moved to dismiss pursuant to Rule 12(b)(6) for failure to state a

claim.

## A.    Applicable Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give

the defendant fair notice of what the claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations," it must set forth "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.*  To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads facts allowing the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

## A.    Coventry Health and Life Insurance Company 's Motion to Dismiss.

Maune lists Coventry in the caption of the Complaint, but does not identify, name, refer to, or address Coventry in the complaint other than to state "Birkman, Plaintiff's Underwriting Manager Coventry (Insurance) Company, Plaintiff's Advantage and Rx appointment with and of Bankers Life." *See Compl.* at 12 (Docket No. 1). Standing alone, this assertion means nothing. Maune has therefore failed to state in the Complaint a plausible claim for relief against Coventry, and the Court will accordingly grant Coventry's motion to dismiss.

## B.    Conseco Insurance Company 's Motion to Dismiss

The Court will also grant Conseco's motion to dismiss. With respect to Conseco, Maune has again failed to allege any facts that would support a plausible claim for relief. Maune asserts employment related claims against Conseco, but Maune never alleges facts that might give rise to any sort of employment relationship between her and Conseco. *See Compl.* (Docket No. 1). The omission of such an allegation warrants the dismissal of her discrimination and retaliation claims. *See E.E.O.C. v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1273 (9th Cir.

2003)(finding defendant could not be liable to plaintiff absent some connection with an employment relationship).

In addition, aside from generic allegations against all defendants, Maune has failed to allege any facts that would give rise to a plausible claim for defamation against Conseco. *See Compl.* (Docket No. 1).  To survive a motion to dismiss, Maune must assert acts **performed by Conseco** that would give rise to a plausible claim for defamation.  *Twombly*, 550 U.S. at 555.  Liability cannot be imposed on Conseco based solely on a claim that Bankers Life, Maune's purported former employer, and Conseco are owned by the same parent corporation and share the same president.  They are separate entities and Conseco is not liable for acts performed by Bankers Life.  *Ross v. Coleman Co., Inc*., 114 Idaho 817, 831, 761 P.2d 1169, 1183 (1988).

## C.   Bankers Life and Casualty Co.'s Motion to Dismiss

Bankers Life and Casualty Co. has withdrawn its motion to dismiss for failure to exhaust administrative remedies because Maune obtained a right to sue letter from the EEOC on April 12, 2010 (Docket No. 144).  This motion is therefore terminated.

## III.   Motion for Summary Judgment

The Individual Defendants seek dismissal of the discrimination and

**Memorandum Decision & Order - 11**

retaliation claims against them on the grounds that Title VII and other similar statutory schemes do not impose liability on individual officers or employees of the employer.  Maune has moved for summary judgment against all defendants.

## A.     Applicable Legal Standard

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct testimony of the non-movant must be believed, however implausible.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence.

*McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e).  In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003).  If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).  The Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988).  Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.*  The affidavit must contain testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

**Memorandum Decision & Order - 14**

**B.      Individual Defendants' Motion for Summary Judgment**

The Idaho Defendants[3] argue they are entitled to summary judgment because Title VII and other similar statutory schemes do not impose liability on individual officers or employees of the employer.

The Ninth Circuit has long held that Title VII does not authorize individual liability for officers, supervisors, and coworkers.  *See, e.g., Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).  The Ninth Circuit has extended this rule to the Age Discrimination in Employment Act (ADEA), *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 58 (9th Cir. 1993), and the Americans with Disabilities Act (ADA), *see Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006).  Likewise, the Idaho Supreme Court has refused to subject individual defendants to liability for claims under the Idaho Human Rights Act (IHRA).  *See Watson v. Gulf and Western Industries*, 650 F.2d 990, 993 (9th Cir. 1981).  Here, Maune submits no evidence – admissible or otherwise – that any individual defendant qualifies as

---

[3] The Idaho Defendants include Kim Drake, Gary Macarty Jr. And Todd Stevenson.  The Individual Defendants residing in Illinois, Iowa, and Indiana also moved for summary judgment on this issue.  However, the Court has already dismissed those defendants for lack of personal jurisdiction, and therefore their motion for summary judgment is moot.

**Memorandum Decision & Order - 15**

an "employer" or other covered entity under any of the involved statutory schemes. The Idaho Defendants are therefore entitled to judgment as a matter of law on Maune's claims for discrimination and retaliation.

The Idaho Defendants have not moved for summary judgment on the defamation claim. Accordingly, this claim will remain against them.

**C.    Plaintiff's Motion for Summary Judgment**

On March 30, 2010, Maune filed a three-page document entitled "Plaintiff's Application for: Summary Judgment and Bad Faith Affidavits by Defendants." (Docket No. 113). This document sets forth Rules 56(a) and (g) of the Idaho Rules of Civil Procedure without any argument or evidence.

On April 26, 2010, Maune filed another document entitled "Plaintiff's Pleading and Application" Entry to Default for Summary Judgment." (Docket No. 159). Maune again cites the Idaho Rules of Civil Procedure and argues summary judgment should be entered because Defendants failed to respond within the allotted time frame.

Maune again implores the Court to grant summary judgment in her favor in her response to Banker Life, Conseco, and Individual Defendants, stating, "I would love Your Honor to find in my favor of Summary Judgment of 12,900,000.00; and I could put this whole sordid mess behind me." *See Response to Bankers Life*

*Memorandum for Summary Judgment and to Dismiss for Failure to Exhaust Administrative Remedies* at 2 (Docket No. 158). Maune submits no evidence in support of her motion.

Because the Court has dismissed Maune's claims against all defendants, with the exception of Bankers Life and the defamation claim against the Idaho Defendants, her motion for summary judgment against the dismissed defendants is denied as moot. And while the Court can understand Maune's desire to be awarded $12.9 million dollars and to be done with this "sordid mess," she has not submitted any evidence to justify the entry of summary judgment against Bankers' Life. On summary judgment, a moving party with the burden of proof at trial must establish a prima facie case in support of his or her motion before the nonmoving party is obligated to respond. *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994). "That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. *Desimone v. Allstate Ins. Co.*, 2000 WL 1811385 (N.D. Ca. November 7, 2000) (*citing UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d at 1471). Maune has not done this. Therefore, summary judgment is denied.

**IV.    Stalking Motions**

On March 16, 2010, Maune filed an application for "*18-7906. Stalking in the*

**Memorandum Decision & Order - 17**

*Second Degree: Against Defendant: Gary Macarty Jr.*"  (Docket No. 88).

Subsequently, on March 29, 2010, she filed a second application for stalking in the

second degree against Gary Macarty, Jr. (Docket No. 107), and, on April 9, 2010,

she filed a third (Docket No. 131).

    In her first motion, Maune offers the dictionary definition of stalking, and

she then lists various acts that Macarty allegedly performed, such as demonstrating

"erratic behavior towards Plaintiff," trespassing on her property, "Peeping-Tom

towards Plaintiff within her home," taking pictures of the inside her home, having

his brother call and harass her at home, and attempting "to provoke road rage with

Plaintiff, with his actions of pulling up next to Plaintiff at stop signs, rolling down

his window, laughing, pointing at Plaintiff and then flipping off/giving the bird to

Plaintiff; Macarty then speeds off swerving in front of Plaintiff."  *See Plaintiff's*

*First Stalking Motion* at 2-3 (Docket No. 88.)

    In her second motion, Maune alleges Macarty's brother continues to call and

harass her, and she ask the Court to order Macarty to stop stalking through March

28, 2011, citing Idaho Code §§ 18-6710 and 18-6711.  *See Second Stalking Motion*

(Docket No. 107).  Both statues prohibit using the telephone to annoy or terrify.

They are criminal statutes.

    In her third motion, Maune alleges Macarty continues to harass her while

**Memorandum Decision & Order - 18**

driving by swerving in her lane and "flipping her off with his middle finger" and laughing.  *See Third Stalking Motion* at 2 (Docket No. 131).

It is unclear what Maune seeks by filing these three motions.  Maune cites no legal authority in support of her motions other than two criminal statutes, Idaho Code §§ 18-7906 & 18-671.  If she seeks to file criminal charges against Gary Macarty, she should go to her local police department and file a report.  This Court does not have subject-matter jurisdiction to hear state law based criminal charges, and regardless, Maune is not the proper party to bring such an action.  To the extent she seeks civil relief for alleged violations of these criminal statutes, the Court can find no authority that Idaho courts would recognize a private right of action under these statutes.  *C.f., Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 923 P.2d 416 (Idaho 1996).  To the Court's knowledge, "Stalking" is not a valid claim for relief under state or federal  law.  Therefore, Maune's stalking motions are denied.

## V.    Leave to Amend

Maune has filed two motions to amend her complaint to add Washington National Insurance Company as a defendant, five documents that could be possibly be construed as motions to amend her complaint against American Family Insurance, and one motion to amend her complaint against Van Zile Travel

**Memorandum Decision & Order - 19**

Service.  The Court does not construe any of Maune's other filings as motions to amend her complaint, but it will consider whether leave to amend should be allowed with respect to the complaint against Coventry Health and Life Insurance Company and Conseco Insurance Company based on the Ninth Circuit's directive that a district court should grant leave to amend after dismissing a cause of action for failure to state a claim even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.  *See, e.g., Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)

## A.      Applicable Legal Standard

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006).  However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id.*

## B.      Washington National Insurance Company

On March 15, 2010, Maune filed a motion to amend her complaint to add Washington National Insurance Company as a defendant on the sole basis that Washington National is Defendant Conseco's parent company and Conseco is

**Memorandum Decision & Order - 20**

Bankers Life's parent company and Conseco and Washington National share the same president. *See Plaintiff's Motion to Amend* at 2 (Docket No. 85). On April 26, 2010, Maune filed a second motion to amend her complaint to add Washington National as a defendant. *See Plaintiff's Second Motion to Amend* at 2-3 (Docket No. 161).

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right. At the time Maune filed her first motion to amend to add Washington Nation as a defendant, Maune had not yet sought to amend her complaint, and no responsive pleading had been file. Here, however, Maune's own submissions demonstrate that an amendment to add Washington National as a defendant would be futile, and her motion to amend will be denied on that basis. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995).

In her second motion to add Washington National as a defendant, Maune explains that Washington National and Conseco share the same president, Mr. Steven Stecher, and "[o]bviously, as President of both CONSECO and WASHINGTON NATIONAL INSURANCE, Mr. STECHER was and continues to be aware of the 2007 settlement and the current Complaint for Damages." *See Plaintiff's Second Motion to Amend* at 1. (Docket No. 161). Maune further explains, "WASHINGTON NATIONAL has turned a blind eye, and with

**Memorandum Decision & Order - 21**

deliberate aforethought and unconscionable behavior to the unlawful and heinous activity of retaliation, defamation of personal and professional character, and discrimination based on gender, age and disability that continues to date by BANKERS LIFE et al and CONSECO INSURANCE et al." *Id.* at 1-2.  Maune's argument is flawed for two reasons.

 First, the Court has already found Maune has failed to state a claim against Conseco; she therefore cannot piggyback her claims against Washington National to her failed claims against Conseco.  Second, Maune's response reveals that she seeks to hold Washington National liable not as her employer or the alter ego of her employer but because Washington National and Conseco share the same president and Washington National is the parent corporation of both Conseco and Bankers' Life.   But, as already discussed,  a parent corporation is not liable for the acts of its subsidiaries.  *See, e.g., Ross v. Coleman Co., Inc*., 114 Idaho 817, 831, 761 P.2d 1169, 1183 (1988).  Therefore, Washington National cannot be liable for what Conseco and Bankers Life allegedly did to Maune.  Maune's motions to amend to add Washington National as a defendant are denied.

**C.     American Family Insurance Company**

Maune also seeks to amend her claims against American Family Insurance Company.  On April 7, 2010, the Court entered a Memorandum Decision and

Order dismissing Maune's claims against American Family without prejudice because Maune failed to "identify, name, refer to, or address American Family in the body of the complaint."  *See Memorandum Decision and Order* at 2.  The Court also allowed Maune until April 19, 2010 to file an amended complaint so as to state a claim against American Family on which relief could be granted.  The Court further warned that failure to file an amended complaint by this date would result in the dismissal of Maune's claims against American Family.

Maune never filed an amended complaint.  Instead, on April 19, 2010, she filed a motion to amend her complaint against American Family (Docket No. 150).  A motion to amend a complaint is not the same as an amended complaint, and the Court could arguably dismiss Maune's action against American Family for her failure to file an amended complaint by April 19, 2010.  But given Maune's *pro se* status, the Court will construe the motion to amend the complaint as an amended complaint.

In her motion to amend her complaint, Maune alleges that (1) American Family is listed on a December 18, 2008 police report "of which [Defendant] STEVENSON was involved in an automobile accidence with another party"; (2) "Sentry Insurance states in correspondence that they are subrogating a claim that I struck the automobile of their insured driver, STEVENSON; (3) because American

Family is listed on the December 18, 2008 police report, she would have a plausible argument to keep American Family in this lawsuit.  "IE: *retaliation, defamation and gender based discrimination* on behalf of their policy holder and former employee, STEVENSON; and (4) "Therefore, AMERICAN FAMILY INSURANCE is *retaliating, defaming, and gender based discrimination* in collusion with STEVENSON, BANKERS LIFE AND CONSECO."

Maune's amended allegations do not state a claim upon which relief may be granted.  Maune admits she never had any sort of employment relationship with American Family (Docket No. 64 at 4); therefore, she cannot state a claim for employment discrimination or retaliation.  Also, Maune does not state a claim for defamation.  She does not allege American Family communicated any defamatory information about her to others or that any such communication resulted in her being damaged in some way – the required elements for a defamation claim.  *See, e.g., Clark v. Spokesman-Review*, 144 Idaho 427, 430 (2007).  Nor can the Court discern any other claim for relief against American Family in Maune's allegations.  Therefore, Maune's "amended complaint" against American Family will be dismissed.

Nor will Maune be given another opportunity to amend her complaint.  Maune has already been given one opportunity to amend her Complaint, which she

**Memorandum Decision & Order - 24**

squandered.  Since granting Maune leave to amend her complaint against American Family, Maune has filed: (1) a response to the Court's April 19, 2010 Memorandum Decision and Order (Docket No. 141); (2) a second response to the Court's April 19, 2010 Memorandum Decision and Order (Docket No. 148); (3) a motion to amend her claims against American Family (Docket No. 150); (4) a motion for "entry to default for summary judgment" against American Family (Docket No. 159); and (5) American Family Insurance Argument for Damages (Docket No. 177).   She has attached documents to these motions but only one appears to mention American Family: a December 15, 2008 accident exchange report between Ronald R. Reddish and Todd B. Stevenson, who lists "Am. Family" as his insurance company.  *See Plaintiff's Application: American Family Insurance Argument for Damages* at 10 (Docket No. 177.)  This document does not even refer to Maune, and it certainly does not indicate any wrongful conduct by American Family.  Nor do any of her various motions.  Therefore, the Court will not grant her another opportunity to amend her complaint against American Family.  "It has reached the point when the Court must say that *enough is enough." Kim v. Department of Licensing of Washington State,* No. CV 06-1516 MJP, 2007 WL 1185883, *1 (W.D.Wash. April 20, 2007).

**D.     Van Zile Travel Services**

In addition, Maune has moved to amend her complaint against Van Zile (Docket No. 149).  But the Court has dismissed Van Zile for lack of personal jurisdiction.  Therefore, the motion to amend against Van Zile is moot.

## E.   Coventry Health and Life Insurance Company and Conseco Insurance Company

Although Maune has not asked for leave to amend her claims against Coventry Health and Life Insurance Company and Conseco Insurance Company, the Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook,* 911 F.2d at 247.  This case, however, is one of those few cases in which further opportunity to amend will not be allowed because the Court finds that the pleading could not possibly be cured by the allegation of other facts.

With respect to the discrimination and retaliation claims against Coventry, Maune has admitted she has never been an employee of Coventry.  *See Docket No. 87* at 2.  An employment discrimination plaintiff must demonstrate "some connection with an employment relationship"  between herself and Coventry, either direct or indirect, before Coventry can be held liable.  *See, e.g., EEOC v.*

*Pacific Maritime Assoc.*, 351 F.3d 1270, 1273 (9th Cir. 2003). By Maune's own

admission, no such relationship exists here – either direct or indirect – and leave to

amend would be futile. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir.

1995).

 Moreover, the Court will not allow Maune to amend her discrimination and

retaliation claims against Conseco because those claims would clearly not survive

summary judgment. *See  Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762,

766 (9th Cir. 1986) (A motion to amend should not be granted if the amendment

could be defeated on a summary judgment). Conseco maintains it never employed

Maune and she has submitted no evidence to the contrary. Therefore, the

employment-related claims should be dismissed for that reason alone.

 In addition, an employment claimant such as Maune may only sue parties

named in a charge of discrimination because only those defendants have had an

opportunity to respond to the charges during the administrative phase. *Sosa v.

Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). Maune makes no mention of

Conseco in her charge of discrimination. *See Exhibit A to Parks Affidavit* at p. 3

(Docket No. 93-3.) And Maune has alleged no facts and submitted no evidence

that would allow her to proceed against Conseco under some exception to the

general rule. *C.f. Sosa*, 920 F.2d at 1458-59.

**Memorandum Decision & Order - 27**

The Court also will not allow Maune to amend her defamation claims against Coventry and Conseco.  Maune has filed a barrage of documents–none of which indicate she has a valid claim for defamation against either Coventry or Conseco.  Maune has never alleged either Coventry or Conseco communicated any defamatory information about her to others as required for a defamation claim. *See, e.g., Clark v. Spokesman-Review*, 144 Idaho 427, 430 (2007).  Maune cannot simply say "defendants defamed me" or "defendants conspired with the other defendants to harm me" without any supporting facts and hope to go forward with her claims; this is all she has done in her voluminous filings.

Also, as discussed above, the Court has already given Maune one opportunity to amend her complaint and she abused this opportunity.  Leave to amend may be denied upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.  *See, e.g., Kim ,* 2007 WL 1185883 at *1 (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962).  Not only does the record indicate that further amendments would be futile, but the Court also finds defendants would be prejudiced by allowing further amendments because each defendant must continually bear the costs of answering Maune's baseless and bizarre filings.  *Id.*  For these reasons,

**Memorandum Decision & Order - 28**

Maune will not be allowed to amend her Complaint against Conseco or Coventry.

## VI.    Motion to Dismiss for Insufficient Process and Motion to Quash

Because the Court has dismissed all claims against all defendants but
Bankers Life and the Idaho Defendants, the motion to dismiss for insufficient
process, and alternative motion to quash, is moot with respect to the dismissed
defendants.  However, the Court will consider Bankers Life and the Idaho
Defendants' motion to dismiss for insufficient process, and alternative motion to
quash.

Bankers Life and the Idaho Defendants allege they were not properly served.
Maune now has the burden of showing that process was properly served.  *See*
*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is
challenged, plaintiffs bear the burden of establishing that service was valid under
Rule 4.").

Here, the record reveals Maune has attempted to serve both Bankers Life
and the Idaho Defendants by certified mail.  In an apparent attempt to show service
by mail is proper, Maune cites the rules of civil procedure from a foreign
jurisdiction; these rules of civil procedure – which are of unknown origin – allow
service by certified mail.  But this action is in federal court and is governed by the
Federal Rules of Civil Procedure and the Local Rules for the United States District

Court for the District of Idaho.  Specifically, Rule 4 of the Federal Rules of Civil Procedure, which governs manner of service in this Court, does not allow service by mail either on corporate defendants or individuals.  *See* F.R.C.P. 4(e) & (h). Maune therefore has not properly served Bankers Life or the Idaho Defendants.

If a plaintiff has not effected proper service, the Court may either dismiss or quash the ineffective services.  *See, e.g., S.J. v. Issaquah School Dist. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).  Courts generally will only quash service and retain the action, rather than dismiss the case, if there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.  *See* C. Wright & A. Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed. 2010).  Maune filed her complaint on February 10, 2010, and she has 120 days to effect proper service. Fed.R.Civ.P 4(m).  Based on the Court's calculation, Maune has until June 10, 2010 to perfect service, and the time allowed under Federal Rule 4(m) has not yet expired.  Therefore, a chance still exists that Maune could properly serve Bankers Life and the Idaho Defendants.  For this reason, the Court declines to dismiss the action.

Maune must comply with the Federal Rules of Civil Procedures in serving process or seeking waiver of service.  Bankers Life and the Idaho Defendants may renew their motion to dismiss if Maune has not perfected service by the June 10,

**Memorandum Decision & Order - 30**

2010  deadline.

## VII.   Motion Regarding Attorney Conduct

Maune has filed a motion for: regarding attorney conduct. (Docket No. 134).

It seems she takes issue with the conduct of attorney Steven K. Brown.  It is

unclear what she seeks.  Regardless, the Court finds nothing wrong with Mr.

Brown's conduct, and to the extent Maune seeks sanctions against him, her motion

is denied.

## VIII.        Motion for Sanctions

Banker Life and Casualty, Conseco Insurance Company, and the Individual

Defendants ask the Court to impose sanctions on Maune for repeated filing of

applications for entry of default.  The Court denied each of these applications in a

previous order.  *See* Docket No. 166.

 At the time this motion for sanctions was filed, Maune had filed four

motions for entry of default (Docket Nos. 76, 86, 103, 108) and one related motion

for attorney misconduct (Docket No. 78) against the moving defendants.  She had

also filed two other separate motions for entry of default against other named

defendants (Docket Nos. 89 & 102) and a second motion for entry of default

against Defendant Sandra Cooley-Allen (Docket No. 136).[4]  These applications had no basis.

Maune's endless filing of baseless applications did not end with the request for sanctions by Bankers Life and others.  On April 26, 2010, the same day moving defendants filed their motion for sanctions, Maune filed yet another motion for entry of default against moving defendants and others (Docket No. 159).  On April 26, 2010, Maune also filed two replies in support of her motion for summary judgment (Docket Nos. 156 & 157), a second response to Van Zile Travel Service's motion to dismiss (Docket No. 160), a second motion to amend her complaint to add Washington National as a defendant (Docket No.161), and a "notice of pleading," which purportedly responded to a corporate disclosure statement and other motions filed by the parties (Docket No. 162).  She filed all of these on one day, and they are all equally meritless.

Since April 26, 2010 and the filing of the motion for sanctions, Maune has filed a response to Defendant Macarty's reply in support of his supplemental motion to dismiss the stalking claims against him (Docket No. 167) and a sur-reply

---

[4] The Court will deny this motion for entry of default against Sandra Cooley-Allen. Maune already filed a motion for default against all Individual Defendants, including Cooley-Allen, which was denied, *see Order* (Docket No. 166), and nothing in Maune's second motion provides a valid basis to enter default against Cooley–Allen.

to a motion for pro hac vice appearance by Steven K. Huffer (Docket No. 169), a request for a trial date (Docket No. 170), a second response to Defendant Macarty's reply in support of his supplemental motion to dismiss (Docket No. 176), an application re: argument for damages against American Family Insurance (Docket No. 177), an application for entry of flow chart (Docket No. 178), and an application for entry of Bankers Life and Conseco 2007 Settlement stipulation (Docket No. 179).  This litany of filings does not include Maune's three "stalking" motions against Defendant Gary Macarty, which were filed prior to April 26, 2010, and numerous other miscellaneous motions and responses filed before this date.

In their motion for sanctions, the moving defendants ask the Court to sanction Maune pursuant to Rule 11(c)(2) by "awarding Defendants their fees and costs incurred in responding to Plaintiff's repetitive and meritless Applications for entry of default, and with respect to all future filings, by directing Plaintiff to: 1) fully comply with the Federal Rules of Civil Procedure and the Local Rules, specifically including Rule 11; 2) refrain from filing repetitive requests asking for the same relief over and over; and 3) refrain from filing any request for relief that is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law." *See Defendants' Motion for Sanctions* at 1-2 (Docket No. 165-1).

**Memorandum Decision & Order - 33**

Rule 11(b) of the Federal Rules of Civil Procedure states, under the heading

"Representations to the Court":

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11's provisions "are designed to deter attorneys and *unrepresented*

*parties* from violating their certification that any pleading, motion or other paper

presented to the court is supported by an objectively reasonable legal and factual

basis; no showing of bad faith or subjective intent is required." *Truesdell v.*

*Southern California Permanente Medical Group*, 209 F.R.D. 169, 173-174

(C.D.Cal.2002) (emphasis added).

**Memorandum Decision & Order - 34**

The Court agrees that this litigation has begun to spiral out-of-control and will direct Maune to comply with the Federal Rules of Civil Procedure and the Local Rules as moving defendants have requested.  The Court, however, will refrain at this juncture from sanctioning Maune by awarding moving defendants fees and costs.  But if Maune does not cease her repetitive and baseless filings, the Court will entertain, and in all likelihood grant, another motion seeking sanctions, requiring Maune to pay monetary and other sanctions, up to and including dismissal of this action.  *See* Rule 11(c).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Bankers Life and Casualty Co., Conseco Insurance Company, and the Individual Defendants' motion to dismiss, and alternative motion to quash (Docket No. 65) is GRANTED in part and DENIED in part.  The Individual Defendants residing in Illinois, Washington, Iowa, and Indiana are dismissed from this action for lack of personal jurisdiction.[5]

---

[5] The Non-Resident Individual Defendants include Maureen Birkman, Michael J. Buckley, Phil Buettner, Scott Goldberg, Richard Harmon, Jennifer Kist, Cameo Kuklinski, Gerardo Monroy, Morgan Murphy, Scott Perry, Regina Rey, Sarah Tolle, David Vega, Erik Vining ("Illinois Defendants"); Gary Downing, Curtis Carey, Sandra Coolay-Allen, Albert Hawkes and Kip Stallcop )("Washington Defendants); Joshua Hofbauer ("Iowa Defendant"); Edward J. Bonach, Russell R. Bostick, R. Glenn Hilliard, Donna James, Eric R. Johnson, John R. Kline, R. Keith Long, Susan I. Menzel, Christopher J. Mickele, Charles W. Murphy, Debra Perry, C. James Prieur, Neal Scneider, Steven M. Stecher, Michael T. Tokarz, John G. Turner, Doreen A. Wright and Matthew J. Zimpfer ("Indiana Defendants").

The motion to dismiss Conseco Insurance Company is GRANTED with prejudice. Bankers Life Casualty Co. and the Idaho Defendants Kim Drake, Gary Macarty Jr, and Todd Stevenson's motion to quash is GRANTED.

IT IS FURTHER ORDERED that Van Zile Travel Agency's motion to dismiss for lack of personal jurisdiction (Docket No. 71) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Ardis A. Maune's motions to amend her complaint to add Washington National Insurance Company as a defendant (Docket Nos. 85 & 161) are DENIED.

IT IS FURTHER ORDERED that Maune's motions for stalking against Defendant Gary Macarty Jr. (Docket Nos. 88, 107 & 131) are DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment and motion to dismiss for failure to exhaust administrative remedies filed by Bankers Life and Casualty Co., Conseco Insurance Company, and the Individual Defendants (Docket No. 93) is GRANTED in part and DENIED in part. The Idaho Defendants' motion for summary judgment is GRANTED. Individual Defendants residing in Illinois, Washington, Iowa, and Indiana, and Conseco's motion for summary judgment is DENIED as moot. Banker Life's motion to dismiss for failure to exhaust administrative remedies is WITHDRAWN.

IT IS FURTHER ORDERED that Coventry Health and Life Insurance

**Memorandum Decision & Order - 36**

Company's motions to dismiss, motion to quash, and motion for summary judgment (Docket No. 95) are GRANTED in part and DENIED in part.  The motion to dismiss Coventry Health and Life Insurance Company is GRANTED with prejudice.  The motions to quash and for summary judgment are DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's motions to amend the complaint as to American Family Insurance (Docket Nos. 111, 150, & 177) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Docket No. 113) is DENIED.

IT IS FURTHER ORDERED that American Family Insurance Company's motion to strike and for sanctions (Docket No. 114) is DENIED as moot.

IT IS FURTHER ORDERED that Gary Macarty Jr.'s Supplemental Motion to Dismiss (Docket No. 126) is DENIED as moot.

IT IS FURTHER ORDERED that Washington National Insurance Company's motion to dismiss and alternative motions to quash and for summary judgment (Docket No. 142) are DENIED as moot.

IT IS FURTHER ORDERED that Maune's motion re: attorney conduct (Docket No. 134) is DENIED.

IT IS FURTHER ORDERED that Maune's motions for entry of default (Docket Nos. 136 & 159) are DENIED.

**Memorandum Decision & Order - 37**

IT IS FURTHER ORDERED that Maune's motion to amend against Van Zile Travel Services (Docket No. 149) is DENIED as moot.

IT IS FURTHER ORDERED that Bankers Life and Casualty Co., Conseco Insurance Company, and the Individual Defenants' motion for sanctions (Docket No. 165) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Maune's motion for entry of flow chart (Docket No. 178) is DENIED as moot.

IT IS FURTHER ORDERED that Maune's motion for entry of Bankers Life and Conseco 2007 Settlement stipulation (Docket No. 179) is DENIED as moot.

IT IS FURTHER ORDERED that service against Bankers Life and Casualty Co. and the Idaho Defendants, Kim Drake, Gary Macarty Jr. and Todd Stevenson, is quashed.  Plaintiff Ardis A. Maune must perfect service against these defendants in compliance with the Federal Rules of Civil Procedure *by June 10, 2010.*

IT IS FURTHER ORDERED that Plaintiff shall: 1) fully comply with the Federal Rules of Civil Procedure and the Local Rules, specifically including Rule 11; 2) refrain from filing repetitive requests asking for the same relief over and over; and 3) refrain from filing any request for relief that is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law.  *If Plaintiff does not obey this order, the*

**Memorandum Decision & Order - 38**

*Court will consider, and in all likelihood grant,  a second motion for sanctions, up to and including an award of monetary sanctions against Plaintiff and the dismissal of this action.*



DATED:  **May 24, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge