IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ARDIS A. MAUNE, | |
|---|---|
| Plaintiff, | Case No. CV 10-074-E-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| BANKERS LIFE & CASUALTY INSURANCE CO., ET AL., | |
| Defendants. | |

## INTRODUCTION

Before the Court is the Motion to Dismiss filed by Defendants Bankers Life & Casualty Company, Todd Stevenson, Kim Drake, and Gary Macarty, Jr (Dkt. 203). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the pleadings and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss.

## STANDARD OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

## ANALYSIS

Plaintiff Ardis A. Maune filed a Complaint against numerous defendants, alleging three causes of action: (1) sexual harassment and discrimination on the basis of gender, age, and disability; (2) retaliation; and (3) defamation. Most of the defendants Maune named in her original Complaint have been dismissed with prejudice. (Memorandum Decision and Order filed May 24, 2010, Dkt. 187.) But all claims against Defendant Bankers Life and the defamation claim against Individual Defendants Kim Drake, Gary Macarty, Jr., and Todd Stevenson remain. (Id. at 3.) Now Defendant Bankers Life and the Individual Defendants Drake, Macarty, and Stevenson ask the Court to dismiss the remaining defamation claim. Maune has filed no opposition.

The Court grants Defendants' Motion to Dismiss based upon Maune's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *accord Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir.2003) (affirming *Ghazali's* applicability to Rule 12(b) motions).

Moreover, Local Civil Rule 7.1(e) expressly provides that a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be deemed as a consent to the relief requested. D. Id. L. Civ. R. 7.1(e). This principle therefore applies in this case to justify dismissal of Plaintiff's defamation claim against the remaining Defendants. Also, the Court has independently reviewed the record, and it finds no basis to deny the Defendants' motion.

Maune has filed numerous motions that could be construed as motions to amend her complaint. (*See, e.g.,* Dkts. 85, 88, 107, 111, 131, 149, 150, 161 & 177.) None of these have been fruitful. And, as mentioned above, Maune has failed to oppose Defendants' Motion to Dismiss; nor has she requested any additional time in which to do so. Because Maune has previously sought to amend her Complaint to no avail, and because she has failed to argue for further leave to amend, the Court will dismiss Maune's defamation claim against the remaining Defendants with prejudice.

## ORDER

NOW THEREFORE IT IS ORDERED that Motion to Dismiss filed by Defendants

Bankers Life & Casualty Company, Todd Stevenson, Kim Drake, and Gary Macarty, Jr (Dkt. 203) is GRANTED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.



DATED: **July 28, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge