IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARDIS A. MAUNE,<br><br>    Plaintiff,<br><br>v.<br><br>BANKERS LIFE & CASUALTY<br>INSURANCE CO., ET AL.,<br><br>    Defendants. | Case No. CV 4:10-cv-074-BLW<br><br>**ORDER** |

Before the Court is Defendant Van Zile Travel Agency's motion for Rule 54(b) certification of Plaintiff Ardis A. Maune's claims against it (Dkt. 206). Maune filed a complaint against numerous defendants, including Van Zile. On May 24, 2010, this Court entered a decision dismissing Van Zile for lack of personal jurisdiction. Although the claims against Defendant Bankers Life & Casualty Insurance, Co. still remain, Van Zile asks the Court to direct entry of a final judgment as to the claims against it.

When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. Pro. 54(b). The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple

**MEMORANDUM DECISION & ORDER - 1**

claims action." *Wood v.. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005).  Here, all claims against Van Zile have been finally and completely resolved.  By finding personal jurisdiction did not exist in Idaho, the Court has rendered a final disposition of Maune's claims against Van Zile.

The Court must next decide whether "there is any just reason for delay." *Id.*  This inquiry requires the Court to consider "the interest of sound judicial administration" and a weighing of the equities at stake.  *Id.*

As Van Zile acknowledges, the interest of sound judicial administration usually seeks to preserve the federal policy against piecemeal appeals.  "A Rule 54(b) request should not be granted when 'the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable.'"  *Hansen-Rice, Inc. v. Celotex Corp.*, CV-04-101-S-BLW,  2006 WL 1660797, *3 (D. Idaho 2006) (quoting *Wood*, LLC, 422 F.3d at 883).  But that is not the case here.  The question of whether his Court may exercise personal jurisdiction over Van Zile is unique to Van Zile.  Review of the adjudicated claims would not be mooted by any future developments in this case, and the Circuit will not be faced with deciding the same issues twice if the Rule 54(b) certification is granted.  Therefore, a Rule 54(b) certification would not pose the potential for wasteful piecemeal appeals.

It is also important to note that Maune never objected to Van Zile's request.  The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion based upon a party's failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *accord Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir.2003)

(affirming *Ghazali's* applicability to Rule 12(b) motions). Moreover, Local Civil Rule 7.1(e) expressly provides that a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be deemed as a consent to the relief requested. D. Id. L. Civ. R. 7.1(e). Maune's failure to respond to Van Zile's motion, alone, justifies acceding to Van Zile's request.

For these reasons, the Court finds that Van Zile's motion for entry of final judgment under Rule 54(b) should be granted.

## ORDER

**IT IS ORDERED** that the Motion for Rule 54(b) Certification of Ardis A. Maune's Claims Against Van Zile Travel Agency (Dkt. 206) is **GRANTED**.

DATED: **October 19, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge